CARMEN A. TRUTANICH, City Attorney (SBN 86629x)
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Supervising Assistant City Attorney (SBN 115453)
COLLEEN R. SMITH, Deputy City Attorney (SBN 209719)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Email: Colleen.Smith@lacity.org
Phone No.: (213) 978-6900, Fax No.: (213) 978-8785

Attorneys for Defendants CITY OF LOS ANGELES and DETECTIVE STEVE GARCIA

FILED
CLERK, U.S. DISTRICT COURT

DEC 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN PAIZ<br><br>    Plaintiff,<br><br>vs.<br><br>DETECTIVE STEVE GARCIA, CITY OF LOS ANGELES, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. CV11-06481PJW<br>Hon. Patrick J. Walsh - Ctrm 23<br><br>STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER |

   The Court entered a verbal protective order in this matter on November 27, 2012 and order the parties to submit a written protective order, which will supercede the verbal protective order. The parties having met and conferred, hereby stipulate to the following terms and conditions, and for good cause shown, the Court hereby orders as follows:

///
///
///
///
///

## GOOD CAUSE STATEMENT

WHEREAS, Plaintiff Christian Paiz ("Plaintiff") is seeking documents and information that Defendant City of Los Angeles ("City") maintains as confidential, such as personnel files of defendant Steve Garcia and Internal Affairs documents and information, currently in the possession of the City;

WHEREAS, Plaintiff also is seeking official information contained in the personnel files of defendant Steve Garcia, which the City maintains as strictly confidential;

WHEREAS, the City asserts that the confidentiality of the documents and information sought by Plaintiff are recognized by California and federal law, as evidenced inter alia by California Penal Code section 832.7 and Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976);

WHEREAS, the City has not publicly released the documents and information referenced above except under protective order or pursuant to court order, if at all;

WHEREAS, these documents and information are of the type that has been used to initiate disciplinary action against Los Angeles Police Department ("LAPD") officers, and has been used as evidence in disciplinary proceedings, where the officers' conduct was considered to be contrary to LAPD policy;

WHEREAS, absent a protective order delineating the responsibilities of nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals and expert witnesses involved in this case, as well as the corollary risk of embarrassment, harassment and professional and legal harm on the part of the LAPD officers referenced in the documents and information;

WHEREAS, the unfettered disclosure of the documents and information, absent a protective order, would allow the media to share this information with potential jurors in the area, impacting the rights of the defendants herein to receive a fair trial;

///
///

## STIPULATION

Accordingly, the parties stipulate as follows:

1. Defendants (hereinafter "Disclosing Party(ies)") may designate as confidential any personnel files, Internal Affairs documents or any other document or writing that they, in good faith, believe is protected from disclosure within the meaning of FRCivP 26(g), in that they believe the document contains confidential or private information. Such documents may be classified as subject to this protective order by marking each document or writing with a watermark, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of a similar effect. Documents and writings so designated, and all privileged information derived therefrom [hereinafter collectively referred to as "Confidential Information"], shall be treated in accordance with the terms of this Stipulation. In making this designation, the Disclosing Parties are also representing that no portion of the document is segregable and, therefore, subject to production without restriction as "Confidential."

2. Confidential Information may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for such other purposes as permitted by law.

3. Subject to the further conditions imposed by this Stipulation, the Confidential Information may only be disclosed to the Court and to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Defendants City of Los Angeles and Los Angeles Police Department;

(c) Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

(d) Parties to the litigation;

(e) Expert witnesses or investigators consulted and/or retained for this action; and

(f) The judge and court personnel, including stenographic reporters.

4. Prior to the disclosure of any Confidential Information to any person described

in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said Confidential Information sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person has received and read a copy of the Stipulation and understands that s/he is bound by the terms of the Stipulation.

5. Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Information, upon noticed motion of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed documents, in camera with the Court having jurisdiction of the Stipulation.

6. The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department shall be subject to this Order. In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all documents designated as "Confidential Information," and all testimony involving information derived from such "Confidential" documents shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Information" portions of the materials described above shall be provided to any persons other than those persons identified in paragraph 3. Nothing in this agreement is intended to limit the rights of third parties to obtain such Confidential Information through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by

1  the party seeking to prevent disclosure of the Confidential Information.

2      7.    If any "Confidential Information" documents or testimony derived from such documents occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements made by Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department during the "Confidential" sections of said depositions.

8.    Upon final termination of this litigation, including any appeal pertaining thereto, all documents still classified as Confidential Information at that time, and all copies thereof, including copies provided to any qualified person in paragraph 3 herein above, shall be returned to the Disclosing Party within thirty (30) days.

9.    If any Receiving Party who receives Confidential Information is served with a subpoena or other request seeking Confidential Information, s/he or it shall immediately give written notice to counsel for the Disclosing Parties, identifying the Confidential Information sought and the time in which production or other disclosure is required. Such notice shall be given sufficiently in advance of the date for production or other disclosure so that the Disclosing Parties have the opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information. However, in no event should production or disclosure be made without prior written approval by the Disclosing Party's Counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

10.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain or incorporate Confidential Information shall be filed and maintained in accordance with Local Rule 79-5, which governs the filing of documents under seal. Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but do not contain or incorporate Confidential Information, shall designate the particular aspects that are

confidential so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of Confidential Information be heard by the Court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the court orders otherwise.

12. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence.

13. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

14. Any party bound by this Stipulation who contests the confidential nature of documents produced pursuant to this Stipulation may move the Court for an order to have the documents removed from the protective order and to have the documents declared not confidential, or otherwise move to modify the Stipulation as to some or all of the documents.

///
///
///
///
///
///
///
///

15. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

IT IS SO STIPULATED:

DATED: NOVEMBER 28, 2012        KAYE, MCLANE & BEDNARSKI, LLP

BY _____
DAVID S. MCLANE
KEVIN LAHUE
*Attorneys for Plaintiff* CHRISTIAN PAIZ

DATED: Nov. 30, 2012        CARMEN A. TRUTANICH, City Attorney
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Assistant City Attorney

By _____
COLLEEN R. SMITH, Deputy City Attorney
*Attorneys for Defendants* CITY OF LOS ANGELES and DETECTIVE STEVE GARCIA

# ATTACHMENT "A"
# NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in <u>Christian Paiz v. Detective Steve Garcia, et al.</u>, United States District Court for the Central District of California, Central Division, Case No. CV11-06481 PJW, and hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____  Signed: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN PAIZ<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DETECTIVE STEVE GARCIA, CITY OF LOS ANGELES, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. CV11-06481 PJW<br>Hon. Mag. Patrick J. Walsh- Ctrm.23, 3rd Fl<br><br>[PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION |

　　　　Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

　　　　1.　　Defendants (hereinafter "Disclosing Party(ies)") may designate as confidential any personnel files, Internal Affairs documents or any other document or writing that they, in good faith, believe is protected from disclosure within the meaning of FRCivP 26(g), in that they believe the document contains confidential or private information. Such documents may be classified as subject to this protective order by marking each document or writing with a watermark, such as "Confidential,"

"Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of a similar effect. Documents and writings so designated, and all privileged information derived therefrom [hereinafter collectively referred to as "Confidential Information"], shall be treated in accordance with the terms of this Stipulation. In making this designation, the Disclosing Parties are also representing that no portion of the document is segregable and, therefore, subject to production without restriction as "Confidential."

2. Confidential Information may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for such other purposes as permitted by law.

3. Subject to the further conditions imposed by this Stipulation, the Confidential Information may only be disclosed to the Court and to the following "qualified" persons:

    (a) Counsel of record for the parties to this civil litigation;

    (b) Defendants City of Los Angeles and Los Angeles Police Department;

    (c) Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

    (d) Parties to the litigation;

    (e) Expert witnesses consulted and/or retained for this action; and

    (f) The judge and court personnel, including stenographic reporters.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said Confidential Information sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person has received and read a copy of the Stipulation and understands that s/he is bound by the terms of the Stipulation.

5. Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Information, upon noticed motion of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed documents, in camera with the Court having jurisdiction of the Stipulation.

6. The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department shall be subject to this Order. In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all documents designated as "Confidential Information," and all testimony involving information derived from such "Confidential" documents shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Information" portions of the materials described above shall be provided to any persons other than those persons identified in paragraph 3. Nothing in this agreement is intended to limit the rights of third parties to obtain such Confidential Information through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the Confidential Information.

7. If any "Confidential Information" documents or testimony derived from such documents occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity, in

3

any manner, including orally, any statements made by Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department during the "Confidential" sections of said depositions.

8. Upon final termination of this litigation, including any appeal pertaining thereto, all documents still classified as Confidential Information at that time, and all copies thereof, including copies provided to any qualified person in paragraph 3 herein above, shall be returned to the Disclosing Party within thirty (30) days.

9. If any Receiving Party who receives Confidential Information is served with a subpoena or other request seeking Confidential Information, s/he or it shall immediately give written notice to counsel for the Disclosing Parties, identifying the Confidential Information sought and the time in which production or other disclosure is required. Such notice shall be given sufficiently in advance of the date for production or other disclosure so that the Disclosing Parties have the opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information. However, in no event should production or disclosure be made without prior written approval by the Disclosing Party's Counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

10. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain or incorporate Confidential Information shall be filed and maintained in accordance with Local Rule 79-5, which governs the filing of documents under seal. Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but do not contain or incorporate Confidential Information, shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file

the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of Confidential Information be heard by the Court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the court orders otherwise.

12. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence.

13. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

14. Any party bound by this Stipulation who contests the confidential nature of documents produced pursuant to this Stipulation may move the Court for an order to have the documents removed from the protective order and to have the documents declared not confidential, or otherwise move to modify the Stipulation as to some or all of the documents.

15. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

**IT IS SO ORDERED:**

Dated: 12/4/12 , 2012    By: _Patrick J. Walsh_
                             HONORABLE PATRICK J. WALSH
                             UNITED STATES MAGISTRATE JUDGE

5